### McSHANE v. McSHANE ET AL.

1. **Practice in the Supreme Court :** TRIAL DE NOVO. Where the certificate of the trial judge recites that the case was tried upon oral testimony, and it does not appear that a motion was made for a trial upon written evidence, the case will not be tried *de novo* in the Supreme Court.

*Appeal from Lee Circuit Court.*

THURSDAY, OCTOBER 10.

ACTION for partition of real estate. Decree for plaintiff. The defendant Francis McShane appeals.

*Casey & Hobbs*, for appellant.

*Van Valkenburg & Hamilton* and *Craig & Collier*, for appellee.

ADAMS, J.—Attached to the evidence in this case is a certificate of the judge who tried the case that it "was tried upon oral testimony, which was, by consent of parties, taken down in writing upon the trial by F. G. Abbott, as by order of the court." Upon motion that portion of the certificate which relates to the consent of parties was stricken out. The appellee now insists that the case is not triable *de novo*, and that, as there is a conflict of evidence, the judgment of the court below must be affirmed. The

case is presented to us by appellant as a case triable *de novo*, and not upon an assignment of errors. If it is not so triable we think the judgment must be affirmed.

It does not apear that any motion was made at the appearance term or any other for a trial upon written evidence. A motion, to be sure, may be presumed where an order is made for a trial upon written evidence. But in this case we cannot presume that such motion was made, because the certificate recites that the trial was upon oral evidence. The order, if any, that the testimony be taken down in writing must, we think, be regarded as made merely for the convenience of the court or counsel, and not as changing the mode of trial. It is impossible to take any other view of it, and give any force to the statement that the trial was upon oral evidence.

AFFIRMED.